UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **GARY STROHMEYER**, individually and on behalf of all others similarly situated, | Case No.: 2:17-cv-1001 |
| *Plaintiff*, | **COMPLAINT and JURY DEMAND** |
| v. | |
| **FOUNDATION LEAD GROUP, LLC,** d/b/a Dental Genius, a Nevada limited liability company, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Gary Strohmeyer ("Strohmeyer" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Foundation Lead Group, LLC d/b/a Dental Genius ("Foundation Lead Group" or "Defendant") to: (1) stop its practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, (2) stop its practice of placing calls to telephone numbers listed on the National Do Not Call Registry, (3) enjoin Defendant from continuing to place such calls to consumers, and (4) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

## NATURE OF THE ACTION

1. Defendant Foundation Lead Group is a lead generation and marketing firm, providing solutions for online presence and direct marketing campaigns in a variety of sectors, including for dental, medical, and other health care offices.

2. Unfortunately for consumers, Defendant's aggressive attempts to sell products and services involves an unlawful telemarketing campaign through which they make, or have their agents make on their behalf and with their knowledge, robocalls and unsolicited telemarketing calls to telephone numbers listed on the National Do Not Call Registry.

3. Defendant and/or its agents failed to obtain prior express written consent from consumers to make such telephone calls and therefore have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendant and/or its agents made these calls despite the fact that neither Plaintiff nor the other members of the Classes (defined below), provided Defendant with prior express written consent to receive such calls. By making the phone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their telephone carriers for the receipt of such calls.

5. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit seeking an injunction requiring Defendant to cease all unsolicited calling activities as well as an award of statutory damages to the members of the Classes as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Gary Strohmeyer is a natural person, a resident of Dubuque County, Iowa, and a citizen of the State of Iowa.

7. Defendant Foundation Lead Group is a limited liability company incorporated and existing under the laws of the State of Nevada with its principal place of business located at 2121 Alton Parkway, Irvine, California 92606. Defendant Foundation Lead Group conducts business throughout this District, the State of Iowa, and the United States, both directly, and under the names "Dental Genius,"[1] "Dental SEO Sites,"[2] and "Local SEO Sites."[3]

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts significant amounts of business transactions within this District, and the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in and/or was directed to this District. Venue is additionally proper because Plaintiff resides in this District.

---

[1] Defendant registered the name "Dental Genius" as a fictitious name on or about September 2, 2016 with the Orange County California Clerk-Recorder's office. Defendant's registration was assigned number 20166452303.

[2] *See* http://www.dentalseosites.com/privacy-policy/ ("This site is owned and operated by Foundation Lead Group, Inc." [sic])

[3] Defendant registered the name "Local SEO Sites" as a fictitious name on or about July 15, 2014 with the Orange County California Clerk-Recorder's office. Defendant's registration was assigned number 20146378528. *See also* http://www.localseosites.com/privacy-policy/ ("This site is owned and operated by Foundation Lead Group, Inc." [sic])

3

## COMMON FACTUAL ALLEGATIONS

10. Defendant Foundation Lead Group is lead generation and marketing firm, providing solutions for creating and maintaining an online presence, primarily for dental, medical, and other health care offices.

11. Unfortunately for consumers, Defendant Foundation Lead Group, on its own and/or through its agents, has turned to a tried and true, albeit unlawful, method of reaching new customers: unsolicited telemarketing.

12. Specifically, Defendant and/or its agents place thousands of outbound telemarketing calls each day to consumers nationwide. Many of these calls are placed to numbers that are listed on the National Do Not Call Registry.

13. These calls are made for the express purpose of soliciting the call recipients to purchase marketing services or other products from or through Foundation Lead Group.

14. Not surprisingly, consumers have repeatedly spoken out against Defendant's pervasive and widespread telemarketing practices:

- "I receive a call from this number at least once a day. I also always see NEW PATIENTS in the caller ID window. IF I answer, there is no one there, & no one ever leaves a voicemail when I don't answer. I am far too busy to have to monkey around with these irritating & ridiculous calls"[4]

- "Always get new patients listed in the caller ID window, never anyone there. Have pressed one, dozens of times to remove us from their call list. To no avail..."[5]

- "Caller ID said "DentalGenius.com. Said hello...no answer. Hit the '0' button...fast busy signal. Have been getting a lot of these types of calls lately...mostly from 'Private number, no name'....same MO. No answer, fast busy."[6]

---

[4] http://800notes.com/Phone.aspx/1-215-486-2749
[5] *Id.*
[6] http://800notes.com/Phone.aspx/1-954-889-3708

4

- "Caller ID said 'NEW PATIENTS'... I said Hello several times... they did not answer."[7]

15. Telemarketers who wish to avoid calling numbers listed on the National Do Not Call Registry can easily and inexpensively do so by "scrubbing" their call lists against the National Do Not Call Registry database. The scrubbing process identifies those numbers on the National Do Not Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

16. To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

17. Neither Plaintiff nor the other members of the proposed Classes ever provided Defendant and/or its agents with express written consent to receive the telephone calls at issue in this Complaint. Defendant does not have any record of express written consent to place autodialed and/or prerecorded calls to Plaintiff or the members of the proposed Classes.

## FACTS SPECIFIC TO PLAINTIFF STROHMEYER

18. On July 2, 2003, Plaintiff Strohmeyer registered his landline telephone number with the National Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls.

19. On August 15, 2016 at 1:41 pm, Plaintiff received a call on his landline from Defendant using phone number 949-202-0029. When he answered, Plaintiff was met with a prerecorded message of a woman who explained that the call was introducing a service through

---

[7] *Id.*

which Plaintiff would get more patients for his dental office. Plaintiff hung up without being given an option to request that the calls stop.

20. Plaintiff received three additional calls from Defendant:

- August 18, 2016 at 3:34 PM from phone number 215-486-2749;
- August 25, 2016 at 12:44 PM from phone number 407-792-2358; and
- August 26, 2016 at 1:00 PM from phone number 913-204-9372.

21. Plaintiff received a fifth call from Defendant on October 5, 2016 at 1:09 PM using phone number 914-361-4234. When this call was answered, Plaintiff answered with "Hello" a few times, but there was no response and then the line went dead.

22. At no time did Plaintiff consent in writing or orally to receive calls on his landline phone from Foundation Lead Group.

23. Plaintiff had no existing business relationship with Defendant or its agents at the time of the aforementioned calls and had not entered into any business transactions with Defendant or its agents during the 18 months preceding such calls.

24. As a result of Defendant's intrusive calls, Plaintiff suffered harm and an invasion of his privacy.

25. Defendant is and was aware that the above-described telephone calls were being made either by it directly, or made on its behalf, and that the telephone calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

26. **Class Definitions**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes of similarly situated

individuals, defined as follows:

> **Do Not Call Class**: All individuals in the United States who during the four years prior to the filing of the initial complaint in this action: (1) received more than one telephone call made by or on behalf of Defendant Foundation Lead Group within a 12-month period; (2) promoting Foundation Lead Group's products or services; (3) at a telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call; (4) where such individual had not entered into any purchase or transaction with Foundation Lead Group within the 18 months immediately preceding such calls; and (5) where neither Foundation Lead Group nor its agents had any current record of express written consent to place such calls at the times such calls were made.
>
> **Robocall Class**: All individuals in the United States who during the four years prior to the filing of the initial complaint in this action who (1) received a telephone call made by or on behalf of Foundation Lead Group; (2) promoting Foundation Lead Group's products or services; (3) where such call featured an artificial or prerecorded voice; and (4) where neither Foundation Lead Group nor its agents had any current record of prior express written consent to place such call at the times such call was made.

27. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) the legal representatives, successors, or assigns of any such excluded persons; and (5) Plaintiff's counsel and Defendant's counsel.

28. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the Classes. Members of the Classes can be identified through Defendant's records.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

7

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**The Do Not Call Class**:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant and/or its agents made more than one telephone call within a 12-month period to consumers whose telephone numbers were registered with the National Do Not Call Registry (for at least thirty days, at the time of each call);

(c) Whether Defendant and/or its agents systematically made such telephone calls to consumers who did not previously provide Defendant or its agents with prior express consent to receive such calls; and

(d) Whether Plaintiff and members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**Robocall Class**:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant and/or its agents systematically made telephone calls to consumers who did not previously provide Defendant or its agents with prior express consent to receive such telephone calls;

(c) Whether Defendant's telephone calls featured an artificial or prerecorded voice; and

(d) Whether Plaintiff and the members of the Robocall Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct toward Plaintiff and each of the other members of the Classes.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

32. **Policies Generally Applicable to the Classes:** This class action is appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation

9

Case 2:17-cv-01001-MWB-CJW   Document 1   Filed 02/08/17   Page 9 of 16

would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

36. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

37. 47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone

Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[8]

38. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

---

[8] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

39. Defendant and/or its agents made more than one unsolicited telemarketing call to Plaintiff and members of the Do Not Call Class within a 12-month period without having prior express written consent to place such calls. Each such call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days. Plaintiff and members of the Do Not Call Class did not provide consent to receive such telemarketing calls from Defendant or its agents and/or neither Defendant nor its agents have any record of consent to place such telemarketing calls to Plaintiff or the members of the Do Not Call Class.

40. Defendant violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be initiated for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls.

41. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the members of the Do Not Call Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the members of the Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*,

12

Case 2:17-cv-01001-MWB-CJW   Document 1   Filed 02/08/17   Page 12 of 16

receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

42. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the Do Not Call Class.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Robocall Class)

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. Defendant and/or its agents made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Robocall Class—without their prior express consent—in an effort to sell products and/or services.

45. These calls featured artificial and/or prerecorded voices.

46. By having unsolicited telephone calls made to Plaintiff's and the Robocall Class members' telephones without prior express written consent, and by using artificial and/or prerecorded voices when placing such calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

47. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Robocall Class suffered actual damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class.

13

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gary Strohmeyer, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Gary Strohmeyer as the Class Representative for the Classes, and appointing his counsel as Class Counsel for the Classes;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An order requiring Defendant to identify any third-party involved in the autodialed and/or prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7. An injunction requiring Defendant to cease all unsolicited autodialed and/or prerecorded calling activities, and otherwise protecting the interests of the Classes;

8. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

9. An injunction prohibiting Defendant from contracting with any third-party for

14

marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

10. An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

11. An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

12. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

13. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**GARY STROHMEYER**, individually and on behalf of all others similarly situated,

Dated: February 8, 2017

By: _____
Chad A. Swanson
(swansonc@wloolaw.com)
Dutton, Braun, Staack & Hellman, P.L.C.
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704-0810
Telephone: (319) 234-4471
Facsimile: (319) 234-8029
[LOCAL COUNSEL]

Blake J. Dugger*
Law Offices of Stefan Coleman, P.A.
blake@stefancoleman.com
201 S. Biscayne Blvd., 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*pro hac vice* admission to be filed